(75 App. Div. 581.)

## GEOGHEGAN et al. v. LUCHOW et al.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. **BRINGING IN DEFENDANTS NOT SERVED—RIGHT TO REQUIRE—WAIVER—EXTENDING TIME FOR ANSWER.**

    A defendant in an action against directors to enforce their statutory liability to creditors of the corporation by accepting stipulations extending his time to answer is not barred from complaining of plaintiffs' gross laches in failing to bring in the other defendants by serving them with summons.

2. **SAME.**

    Whether or no the action against directors to enforce their statutory liability to creditors of the corporation can be maintained against the defendant alone who was served with summons, or the defendants not served would have a good defense, plaintiffs cannot complain because required to bring in defendants not served as a condition to the complaint not being dismissed.

3. **SAME—COSTS.**

    The granting to a defendant, in addition to $10 motion costs, of $50 costs, to indemnify him against expense of answering, on the ground that the action could not be successfully maintained, is improper, on a motion made by the only defendant served, in an action against directors to enforce their statutory liability to creditors of the corporation, to compel dismissal of the complaint unless plaintiffs bring in the other defendants.

Appeal from special term, New York county.

Action by Stephen G. Geoghegan and others against August Luchow and others. From an order granting a motion of defendant Luchow for the dismissal of the complaint as to him, with $10 costs, unless plaintiffs within 30 days cause the summons and complaint to be served on the other defendants who reside in the state, and also pay to defendant Luchow, or his attorney, $50 costs, plaintiffs appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Henry Hoelljes, for appellants.
Henry Schmitt, for respondent.

LAUGHLIN, J. The plaintiffs are creditors of the Harlem Casino Company, and as such bring this action in behalf of themselves and all other creditors against the directors of the corporation to enforce the liability created by section 24 of the stock corporation law prior to its repeal by chapter 354 of the Laws of 1901. The summons and complaint were served on the defendant Luchow on the 14th day of October, 1901. His time to answer was extended by stipulation from time to time until after the making of this motion. None of the other defendants have been served. The motion was made upon the ground that the plaintiffs had unreasonably neglected to serve the other defendants. The motion was opposed by the plaintiffs upon three grounds: (1) That the defendant was not in a position to make the motion upon which the order was granted, he not having answered or demurred, but having obtained an extension of time, which had not expired when the motion was made; (2) that, inasmuch as no notice

of intention to hold them personally liable was served on the other directors upon whom service of the summons has not been made, as required by subdivision 2 of section 34 of the stock corporation law, as amended by chapter 354 of the Laws of 1899, which was repealed by chapter 354 of the Laws of 1901, such directors are not liable, and service upon them will be of no avail; and (3) that due diligence has been used in endeavoring to make such service.

The plaintiffs have made the other directors defendants, and they have not used due diligence in serving the summons upon them. The acceptance of stipulations extending his time to answer did not bar the defendant from complaining of the plaintiffs' gross laches in failing to bring in the other defendants. The appeal does not present the question as to whether the action can be maintained against the defendant Luchow alone, or whether the defendants who have not been served would have a good defense.

The appellant also contends that the order requires him to serve all of the defendants, which is impossible on account of the nonresidence of one of them. As we read the order, it only requires him to serve the resident defendants.

The award, however, of $50 costs to the defendant, in addition to the costs of the motion, cannot be sustained. The only foundation laid for the imposition of these costs was the claim that, as the action could not be successfully maintained, he should be indemnified against the expense of having the records of the corporation examined to prepare his answer. We fail to discover any logic in this claim. If the other parties had been served and notified timely, the defendant would have been obliged to prepare his answer, and then might have been held liable.

The order should, therefore, be modified by striking out the requirement that the plaintiffs pay $50 to the respondent, and, as modified, affirmed without costs. All concur.